# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRITTON LYNN KANNADY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF KIOWA, an Oklahoma municipal )<br>corporation; JIMMIE W. BROWN, in his )<br>official and individual capacity; DANNY L. )<br>DRAKE, in his official and individual )<br>capacity; SHERRY G. STONE, in her )<br>official and individual capacity; JAMES V. )<br>RYAN, in his official and individual )<br>capacity; FREDDIE ADAMS, in his official )<br>and individual capacity; CITY OF )<br>McALESTER, an Oklahoma municipal )<br>corporation; and CITY OF KREBS, an )<br>Oklahoma municipal corporation, )<br>)<br>Defendants, )<br>and )<br>)<br>STATE OF OKLAHOMA, ex rel. W.A. )<br>Drew Edmondson, Attorney General, )<br>)<br>Intervenor. ) | Case No. CIV-05-476-SPS |

## OPINION AND ORDER DISMISSING THE PLAINTIFF'S
## CLAIMS AGAINST THE CITY OF KIOWA AND ITS COUNCILORS

In this action, the Plaintiff Britton Lynn Kannady sued his former employer, the Defendant City of Kiowa, and the individual members of its city council, the Defendants Jimmie Brown, Danny Drake, Sherry Stone, James Ryan and Freddie Adams (the "Kiowa Defendants"), for wrongful discharge, blacklisting, slander *per se*, tortious interference with employment and intentional infliction of severe emotional distress. These state law claims

were joined with federal age discrimination claims asserted against the Defendant City of McAlester and the Defendant City of Krebs, two prospective employers that subsequently refused to hire the Plaintiff. *See* Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 - § 624 ( the "ADEA").[1] The Court granted summary judgment to the City of McAlester and the City of Krebs on the ADEA claims in an order entered contemporaneously herewith. Accordingly, the Court now declines to exercise supplemental jurisdiction over the Plaintiff's state law claims against the Kiowa Defendants. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]").

To begin with, it is not altogether clear that the Court has jurisdiction of the state law claims against the Kiowa Defendants. Although the Plaintiff's federal ADEA claims against the City of McAlester and the City of Krebs were undoubtedly within the Court's original jurisdiction pursuant to 28 U.S.C. § 1331, the Plaintiff's state law claims against the Kiowa Defendants would be within the Court's supplemental jurisdiction *only if* they are "so related

---

[1] The Plaintiff's federal ADEA claims against the City of McAlester and the City of Krebs are the sole basis of the court's jurisdiction under 28 U.S.C. § 1331. The Plaintiff also asserted constitutional equal protection claims pursuant to 42 U.S.C. § 1983 but soon dismissed them, *see* Docket No. 84, presumably because the ADEA preempts equal protection claims based upon age discrimination in employment. *See Migneault v. Peck,* 158 F.3d 1131, 1140 (10th Cir. 1998), *vacated on other grounds sub nom. Board of Regents of University of New Mexico v. Migneault,* 528 U.S. 1110 (2000). *But see Holmes v. Regents of University of Colorado,* 176 F.3d 488, 1999 WL 285826, at *8 (10th Cir. May 7, 1999) ("Generally speaking, instances of race discrimination *and possibly age discrimination* may violate the Fourteenth Amendment right to equal protection of the laws and trigger a § 1983 claim.") [unpublished opinion; emphasis added], *citing Buckley v. Coyle Public School System,* 476 F.2d 92, 97 (10th Cir. 1973).

to [the ADEA claims] that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). The Court is not entirely satisfied that they are so related. The Plaintiff's claims against the Kiowa Defendants arise out of his employment by the City of Kiowa as a police officer, the circumstances of the termination of such employment, and the aftermath thereof, including allegations that the Plaintiff was slandered and blacklisted and that the City of Kiowa otherwise interfered with his employment as a police officer elsewhere. The Plaintiff's ADEA claims, on the other hand, arise out of the refusal by the City of McAlester and the City of Krebs to hire the Plaintiff because he was too old to participate in the Oklahoma Police Pension and Retirement System ("OPPRS"), 11 Okla. Stat. § 50-101- § 50-136.6. While these claims may be related in time, and there may even be some factual overlap,[2] it is nevertheless arguable that they do not "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

Jurisdictional issues aside, the Court should be cautious about exercising supplemental jurisdiction over state law claims in any event because "[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995), *quoting Thatcher Enterprises v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990). As noted above, the Court has already disposed of the only claims over which it has original jurisdiction, so the preferred course is

---

[2] For example, there is evidence that disparaging comments as to the Plaintiff's fitness were communicated to the City of Krebs at roughly the same time that he was seeking employment. On the other hand, it is undisputed that the City of Krebs refused to hire the Plaintiff not because of any disparaging remarks but instead because he was too old to participate in the OPPRS.

to dismiss the supplemental state law claims without prejudice. *See United Mine Workers*, 383 U.S. at 726 ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) ("[W]hen a district court dismisses the federal claims, leaving only supplemental state claims, the most common response . . . has been to dismiss the state claim or claims without prejudice.") [quotations and citations omitted]. *See generally* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"). The Court finds this particularly appropriate where, as here, there is some question about the extent of its supplemental jurisdiction under 28 U.S.C. § 1367(a). *See Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004) ("[T]he Supreme Court repeatedly has determined that supplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion."), *citing City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997). The Court therefore finds that the Plaintiff's state law claims against the Kiowa Defendants should be dismissed without prejudice.[3]

---

[3] Currently pending are the Defendant City of Kiowa's Motion for Summary Judgment [Docket No. 98], and the Defendants Jimmie Brown, Danny Drake, Sherry Stone, James Ryan, and Freddie Adams' Motion for Summary Judgment [Docket No. 99]. Inasmuch as the Court is dismissing the underlying state law claims without prejudice, those summary judgment motions are moot.

Accordingly, IT IS HEREBY ORDERED that the Plaintiff's state law claims against the Kiowa Defendants are DISMISSED without prejudice.  IT IS FURTHER ORDERED that the Defendant City of Kiowa's Motion for Summary Judgment [Docket No. 98], and the Defendants Jimmie Brown, Danny Drake, Sherry Stone, James Ryan, and Freddie Adams' Motion for Summary Judgment [Docket No. 99] are hereby DENIED as moot.

**IT IS SO ORDERED** this 29th day of November, 2006.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**